**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 03-cv-00597-EWN-PAC

In re ULTIMATE ELECTRONICS, INC. SECURITIES LITIGATION

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in the Court entitled *In re Ultimate Electronics, Inc. Securities Litigation*, Civil Action No. 03-N-597(PAC) (the "Litigation");

WHEREAS, the Settling Parties have made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the settlement of this action, in accordance with a Stipulation of Settlement dated as of September 15, 2005 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice and release of claims against the Defendants and Released Persons upon the terms and conditions set forth therein; and the Court has read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies, for purposes of effectuating this settlement only, a Settlement Class of all Persons who purchased the common stock of Ultimate Electronics, Inc. ("Ultimate Electronics") during the period between May 1, 2002 and August 26, 2002, inclusive, and including in or traceable to Ultimate Electronics' May 1, 2002 public stock offering. Excluded from the Settlement Class are Defendants, their affiliates and any of their officers or directors or their affiliates, and any members of the immediate families of the Defendants, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the "Notice of Settlement of Class Action" to be sent to the class.

2. With respect to the Settlement Class, this Court finds and concludes that: (a) the Members of the Settlement Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

3. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein as being within the range of reasonableness, subject to further consideration at the Settlement Hearing described below.

4. A hearing (the "Settlement Hearing") shall be held before this Court on **January 27, 2006, at 10:00 a.m.** before the Honorable Edward W. Nottingham at the United States District Court for the District of Colorado, 901 19th Street, Denver, Colorado, 80294-3589, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate as to the Settling Parties and the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶1.10 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount

of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Settlement Class.

5. The Court approves, as to form and content, the Notice of Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice for publication (the "Summary Notice") annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Gilardi & Co. LLC ("Claims Administrator") is appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than **November 30, 2005** (the "Notice Date"), Plaintiffs' Settlement Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b) Not later than **December 7, 2005**, Plaintiffs' Settlement Counsel shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily*; and

(c) At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Settlement Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7. Nominees who purchased the common stock of Ultimate Electronics for the benefit of another Person during the period beginning May 1, 2002 through and including August 26, 2002,

shall be requested to send the Notice and the Proof of Claim to all such beneficial owners of such Ultimate Electronics stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

8. All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class.

9. Settlement Class Members who wish to participate in the distribution of the Settlement Fund shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

10. Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the settlement. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than **January 6, 2006.** A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases and sales of Ultimate Electronics common stock made during the Class Period, including the dates, the number of shares and the price paid or received per share for each such purchase or sale; and (3) that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this

paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

11.     Any Member of the Settlement Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. All Settlement Class Members who do not enter an appearance will be represented by Plaintiffs' Settlement Counsel.

12.     All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation. Pending final determination of whether the settlement should be approved, neither Lead Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

13.     Any Member of the Settlement Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees and expenses should not be awarded to Lead Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless written objections and copies of any papers and briefs are received by Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Ellen Gusikoff Stewart, 401 B Street, Suite 1600, San Diego, California 92101; Dyer & Shuman, LLP, Kip B. Shuman, 801 East 17th Avenue, Denver, CO 80218-1417; and Davis Graham & Stubbs LLP,

-6-

Jonathon D. Bergman, 1550 Seventeenth Street, Suite 500, Denver, CO 80202 on or before **January 6, 2006**; and said objections, papers and briefs are filed with the Clerk of the Court for the District of Colorado, on or before **January 6, 2006.** Any Member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Plaintiff's counsel, unless otherwise ordered by the Court.

14. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Settlement Class Member or counsel to the Representative Plaintiffs shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. All motions and papers in support of the settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served fourteen (14) calendar days prior to the Settlement Hearing.

17. The Defendants, their insurers or their counsel shall not have any responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

-7-

18. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Settlement Counsel and any application for attorneys' fees or reimbursement of expenses shall be approved.

19. All reasonable costs incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Bankruptcy Court, the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay to the Defendants the reasonable and actual costs of class notice and of administration up to $50,000.

20. The Judgment will permanently bar and enjoin Lead Plaintiff and each of the Settlement Class Members from instituting, commencing or prosecuting, either directly, indirectly, representatively or in any other capacity, any and all Released Claims in any forum against the Released Persons.

21. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: November 8, 2005               s/ Edward W. Nottingham
                                      THE HONORABLE EDWARD W. NOTTINGHAM
                                      UNITED STATES DISTRICT JUDGE